**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JORGE AYALA LUNA,

Petitioner

v.

TODD BLANCHE, et al.,

Respondents

Case No.: 2:26-cv-01557-APG-BNW

**Order Granting Amended Petition for a Writ of Habeas Corpus**

[ECF No. 6]

Petitioner Jorge Ayala Luna is a citizen of Honduras who is currently being detained by Immigration and Customs Enforcement (ICE). ECF No. 6 at 2. He entered the United States in December 2022 at the southern border. *Id.*; ECF No. 7-1 at 4. He was briefly detained and then paroled into the country. ECF Nos. 7-1 at 5; 7-3 at 3-4. The Department of Homeland Security issued him a Notice to Appear, charging him as an "arriving alien." ECF No. 7-2 at 2.

In February 2026, Ayala Luna was arrested in Las Vegas, Nevada for driving under the influence. ECF No. 7-3 at 3. On the record before me, Ayala Luna has no other criminal history. *See* ECF Nos. 7-3 at 4; 7-5 at 99-110, 112-122, 124-25. A few days after his arrest, he was transferred into ICE custody, and the Department of Homeland Security commenced removal proceedings against him. ECF No. 7-3 at 3-4.

While in ICE custody, Ayala Luna requested a bond hearing before an immigration judge (IJ). ECF No. 6 at 5. At the hearing, Ayala Luna's counsel withdrew the request for a bond hearing because the IJ did not have jurisdiction to release "arriving aliens" like Ayala Luna. ECF No. 7-7 at 0:00:25-0:00:32. The IJ allowed Ayala Luna to withdraw his request without prejudice and noted that she "wouldn't have authority to grant it anyway." *Id.* at 0:00:57-0:01:10;

ECF No. 7-6 at 2. Ayala Luna has remained in ICE detention without a bond hearing. ECF No. 6 at 2.

Ayala Luna filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2241 seeking his immediate release or a bond hearing. He first argues that his detention without a bond hearing violates the Immigration and Naturalization Act and the Fifth Amendment because he is detained under 8 U.S.C. § 1226(a). He next contends that his detention without an individualized pre-deprivation custody determination violates his procedural and substantive due process rights. The government opposes the petition. I grant Ayala Luna's petition and order his immediate release.

**I. DISCUSSION**

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Immigr. & Naturalization Serv. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003). I have "equitable discretion" "as law and justice require" for

remedying unlawful detention in habeas petitions. *Brown v. Davenport*, 596 U.S. 118, 128, 134 (2022) (quotation omitted).

**A. Ayala Luna need not exhaust his administrative remedies.**

The government states that I should dismiss the amended petition because Ayala Luna failed to exhaust his administrative remedies, without any further citation or argument. *See* ECF No. 11 at 1. Ayala Luna argues that administrative exhaustion would be futile.

First, by failing to support its contention with points and authorities, the government consents to rejecting its exhaustion argument. LR 7-2(d). Second, the government's argument fails on the merits. A noncitizen in removal proceedings must appeal an IJ's adverse bond determination to the Board of Immigration Appeals (BIA) before seeking habeas review "unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). This is a prudential requirement, not jurisdictional. *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160. I "may waive the prudential exhaustion requirement" if the "pursuit of administrative remedies would be a futile gesture." *Hernandez*, 872 F.3d at 988 (quotation omitted).

It would be futile for Ayala Luna to appeal his bond determination to the BIA. In *Matter of Q. Li*, the BIA adopted the position that 8 U.S.C. § 1225(b)(2)(A) mandates detention of paroled noncitizens like Ayala Luna because of their parole under 8 U.S.C. § 1182(d)(5)(A).[1] 29

---

[1] Under 8 U.S.C. § 1182(d)(5)(A), the government may temporarily release applicants for admission into the country "for urgent humanitarian reasons or significant public benefit." But that parole "shall not be regarded as admission of the alien." 8 U.S.C. § 1182(d)(5)(A). When such parole is terminated, "the alien shall forthwith return or be returned to the custody from

I. & N. Dec. at 70-71. This is one of the arguments that the government advances in its opposition to this petition. *Q. Li* "serve[s] as precedent[] in all proceedings involving the same issue" before the BIA, so on appeal the BIA would be bound to follow it. 8 C.F.R. § 1003.1(g)(2). "Where the [BIA's] position appears already set and recourse to administrative remedies is very likely futile, exhaustion is not required." *Szonyi v. Barr*, 942 F.3d 874, 891 (9th Cir. 2019) (quotation omitted). Therefore, I waive the prudential exhaustion requirement for Ayala Luna's petition.

**B. Ayala Luna is detained under § 1226(a).**

The first step is to determine which immigration statute governs Ayala Luna's detention. *See Avilez v. Garland*, 69 F.4th 525, 529 (9th Cir. 2023) ("A noncitizen's place within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." (quotation omitted)). The government argues that Ayala Luna is lawfully detained without a bond hearing under § 1225(b)(2)(A). Ayala Luna argues § 1226(a) applies and thus he should get a bond hearing.

Because Ayala Luna was detained within the interior of the United States and was not "seeking admission" when ICE detained him, he is detained under § 1226(a) and not § 1225(b)(2)(A). *Rodriguez Vazquez v. Bostock*, --- F.4th ----, No. 25-6842, 2026 WL 2196424, at *3, 11 (9th Cir. July 30, 2026). Therefore, he has been entitled to an initial custody determination by an ICE officer and a bond hearing before an IJ. 8 C.F.R. §§ 236.1(c)(8), (d)(1).

---

which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." *Id*.

Ayala Luna's status as a noncitizen paroled under § 1182(d)(5)(A) does not affect which statute governs his detention. *Luquez v. Blanche*, No. 2:26-cv-01823-APG-EJY, ECF No. 17 at 4-5 (D. Nev. Aug. 15, 2026). The government cites to the BIA's decision in *Q. Li* to support its argument that he is detained under § 1225(b)(2) because of his parole. I previously ruled that *Q. Li* is not the best interpretation of §§ 1182(d)(5)(A) and 1225(b)(2)(A) and do so again here. *Moya v. Bondi*, No. 2:26-cv-00675-APG-DJA, 2026 WL 1481604, at *4, 6 (D. Nev. May 27, 2026) (citing *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 385, 392 (2024)). Finally, the government cites to 8 C.F.R. § 1003.19(h)(2)(i)(B)[2] to argue that IJs do not have the authority to give bond hearings to paroled noncitizens. I have held that § 1003.19(h)(2)(i)(B) does not preclude paroled noncitizens detained under § 1226(a) from receiving a bond hearing because the regulation implements § 1225(b)(2)(A). *Luquez*, No. 2:26-cv-01823-APG-EJY, ECF No. 17 at 6-7. Where § 1225(b) does not justify detention, its implementing regulation cannot, so § 1003.19(h)(2)(i)(B) does not preclude Ayala Luna from receiving a bond hearing.

**C. Ayala Luna's detention violates procedural due process.**

Ayala Luna next argues that his procedural due process rights have been violated because he did not receive an initial custody determination upon his detention by ICE or a bond hearing since being detained. The government argues that his temporary detention does not offend due process.

The government is violating Ayala Luna's procedural due process rights by detaining him without an initial custody determination or subsequent bond hearing as required by § 1226(a) and its implementing regulations. *See* 8 C.F.R. §§ 236.1(c)(8), (d)(1). I incorporate by reference the

---

[2] Under 8 C.F.R. § 1003.19(h)(2)(i)(B), an IJ "may not redetermine conditions of custody imposed by" ICE "with respect to . . . [a]rriving aliens in removal proceedings, including aliens paroled after arrival pursuant to [§ 1182(d)(5)(A)]."

well-reasoned analysis regarding procedural due process rights for noncitizens detained under § 1226(a) in *Vazquez Perez v. Blanche,* No. 2:26-cv-01505-RFB-MDC, 2026 WL 1999155, at *3-6 (D. Nev. July 10, 2026). Specifically, I hold that the Due Process Clause of the Fifth Amendment guarantees Ayala Luna the procedural protections provided by § 1226(a) and that the failure to provide him those protections violates due process under the *Mathews v. Eldrige*[3] factors.

**D. Release is the appropriate remedy.**

In violation of his due process rights and the Immigration and Naturalization Act, Ayala Luna has been detained for about six months with no individualized determination whether custody is appropriate. Therefore, release, which is "the traditional remedy of habeas corpus," is appropriate. *Preiser*, 411 U.S. at 500.[4]

## II. CONCLUSION

I THEREFORE ORDER that petitioner Jorge Ayala Luna's amended petition for a writ of habeas corpus **(ECF No. 6) is GRANTED**.

I FURTHER ORDER respondent John Mattos to release Ayala Luna from the custody of CoreCivic on Wednesday, August 19, 2026, no later than 1:00 p.m. The respondents must transport Ayala Luna to 501 Las Vegas Blvd. South, Las Vegas, Nevada that same day. The respondents must advise Ayala Luna's counsel of the estimated time of release for coordination purposes, at least one hour before release.

I FURTHER ORDER the respondents to return all of Ayala Luna's personal property to him upon his release.

---

[3] 424 U.S. 319 (1976).

[4] I do not address Ayala Luna's substantive due process argument because I order his release.

I FURTHER ORDER that the respondents may not re-detain Ayala Luna during the pendency of his current removal proceedings without a pre-deprivation, individualized hearing to determine whether detention is appropriate, pursuant to 8 C.F.R. § 236.1(d)(1).

I FURTHER ORDER that respondents are PERMANTENTLY ENJOINED from denying Ayala Luna the ability to be released on bond on the basis that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

DATED this 18th day of August, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE